IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| JACQUES PIERRE, #305613, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:09-691-CMC-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| WILLIE L. EAGLETON; | ) | |
| JON E. OZMINT, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Jacques Pierre, ("Pierre"), is an inmate at the South Carolina Department of Corrections ("SCDC"). He filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 20, 2009, challenging a finding of guilt on two disciplinary violations which occurred in 2005. Pretrial matters in this case were referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e). Respondents filed a return and motion for summary judgment, together with copies of the state court record, on May 21, 2009. Because Pierre is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on May 22, 2009 advising him of his responsibility to respond to the motion for summary judgment. Pierre filed a response on June 3, 2009. Respondents filed a second return and motion for summary judgment, which appears identical to the first, on December 7, 2009. A second Roseboro order was issued, and Pierre filed a second response on February 14, 2009.

**Grounds for Relief**

Pierre asserts that the disciplinary process violated his rights and requests this Court to reinstate the Good Time Credits ("GTC") he lost. Specifically, Pierre asserts that he is entitled to

relief on the following grounds:

**Ground One:** Respondent (SCDC) violate Petitioner 5th, 8th and 14th Amendment by failing to afford Petitioner substantial due process regarding SCDC, Policy O.P.21.11 and S.C.Code of law's Section 24-27-200.

**Supporting Facts:** On 4-12-05 at Evans Institution Respondent (SCDC fail to comply with SCDC Policy 21.11, loss of statutory good time credits and south Carolina Code of law's 1976, Section 24-27-200 by taking Petitioner 30 days accrued credits unlawfully, with out a Court order.

**Ground Two:** Respondent (SCDC) violate Petitioner 5th, 8th and 14th Amendment by failing to afford Petitioner substantial due process regarding (SCDC) Policy O.P.21.11 and S.C. Code of laws section 24-27-200.

**Supporting Facts:** On 9-17-05, at Evans Institution Respondent (SCDC) fail to comply with SCDC Policy 21.11, loss of statutory good time credits and South Carolina Code of law's 1976, Section 24-27-200.

**Ground Three:** Respondent (SCDC) violate Petitioner 5th, 8th and 14th Amendment by failing to afford Petitioner substantial due process regarding SCDC Policy O.P.22-14, 27 Definitions and 29 definitions.

**Supporting Facts:** Respondent (SCDC) Policy O.P. 22-14, 27 definitions 2004 and 29 definitions 2007 state Major/Responsible authority "refers to the Major" Duty Warden or Warden of an institution, or where there is a Major Assigned "the captains." Respondent (SCDC) has been violate Petitioner Right to due Process by have captains holding manner hearing and we have a Major Assigned.

**Ground Four:** Respondent (SCDC) violate Petitioner 5th, 8th and 14th Amendment by failing to afford Petitioner substantial due process regarding SCDC Policy GA-01-12, 13.5.

**Supporting Facts:** SCDC Policy GA-01-12, 13.5 State the responsible official will render the final decision on the Step 2 grievance within "60 days." The agency has not there is no Provision in SCDC that Permits an "out of time Reply."

**Background and Procedural History**

On April 12, 2005, Pierre was searched and found to be in possession of stolen yeast dough and drain yeast. An Incident Report was prepared, and he was charged with stealing, a violation of institutional policy. On April 14, 2005, Pierre was served with a notice fo a hearing before a Disciplinary Hearing Officer ("DHO") to be held April 27, 2005. Pierre indicated that he wanted his accuser present for the hearing. Pierre was found guilty based on the "officer's report and receipt of evidence." His sanctions included loss of 30 days GTC. (Res.Mem., Ex. 3).

Pierre challenged his disciplinary conviction through the SCDC grievance process by filing Step 1 and Step 2 grievances. He attempted an appeal to the Administrative Law Court ("ALC"), but it was dismissed because he failed to follow the required procedure. (Res.Mem., Ex. 4).

On June 19, 2005, Pierre was charged a second violation, i.e., using obscene, vulgar, or profane language or gestures. Again an Incident Report was prepared. Pierre was given advance notice of the hearing to be held on June 30, 2005. Pierre stated that he wanted his accuser present and that he wanted to be represented by a counsel substitute. Pierre pled guilty to the infraction. Pierre was sanctioned but did not lose any GTC. (Res.Mem., Ex. 3). Pierre failed a Step 1 grievance, but it was returned because the guilty plea was not grievable. Pierre took no further action. (Res.Mem., Ex. 4).

**Discussion**

**1. Statute of Limitations**

Respondents assert that the present petition should be dismissed because it was not timely filed under the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A). The disciplinary convictions about which Pierre complains occurred in 1995. His efforts to appeal these determinations were completed in 2006, although Pierre appears to argue that he continued to

challenge SCDC's failure to follow its grievance policy after that time.

Respondents cite no authority for their argument except the statutory provision. There is a split of authority as to whether the statute of limitations of 28 U.S.C. § 2241(d)(1) applies in these circumstances. In Cox v. McBride, 279 F.3d 492 (7th Cir. 2002) the court held that the statute of limitations did not apply to a habeas petition challenging a prison disciplinary decision which resulted in the loss of GTC because the judgment being challenged was not that of a "court" but of a prison disciplinary board. The Fifth Circuit in Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002) held based upon a plain reading of the statute that § 2241(d)(1) "literally applies" to petitions challenging prison disciplinary hearings. The Fourth Circuit agreed with the Fifth Circuit in Wade v. Robinson, 327 F.3d 328 (4th Cir. 2003). The court held that the statute of limitations applies to prisoners who challenge state executive agency decisions.

Pierre appears to be challenging 2005 prison disciplinary decisions. As discussed below he failed to exhaust his appeals and the statute of limitations began to run when his time to file appeals ended. Therefore, the undersigned concludes that the present petition is untimely and should be dismissed for that reason.

**2. Exhaustion**

A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir.1973). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See* Pickard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1976).

In Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000), the South Carolina Supreme Court addressed state procedures to be used by inmates who wish to challenge their convictions or sentences and those who wish to challenge "non-collateral matters." Generally, inmates who wish to challenge the constitutionality of their convictions or sentences are required to file an application for post-conviction relief in the Court of Common Pleas and, if no relief is granted, seek review by filing a petition for writ of certiorari in the South Carolina Supreme Court. The Supreme Court in Al-Shabazz provided a different path for inmates who wished to seek review of "not-collateral and administrative matters decided by" SCDC. *Id.* at 754. The Supreme Court held that an inmate, after completing the SCDC grievance procedure, could seek review by filing an appeal with the Administrative As Law Judge Division ("ALJD").[1] *Id.* at 754. Judicial review of the ALJD decision is obtained by filing a petition in the state circuit court. Last, the inmate can seek "appellate review of a final judgment of the circuit court in the manner prescribed for civil cases. S.C.Code Ann. § 1-23-390 (1986)." *Id.* at 756. Hendricks v. Cohen, 2009 WL 536566, 3 (D.S.C.) (D.S.C.,2009)

The record shows that Pierre did not complete the appeal process on either of his violations To excuse the failure to exhaust, Pierre must show cause and prejudice or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977). He has not done so. Further, Pierre has not asserted or shown his actual innocence, or that a fundamental miscarriage of justice will result if his claims are not considered. Murray v. Carrier, 477 U.S. 478 (1986).

**3. Due Process**

In Wolff v. McDonnell, 418 U.S. 539, 564-571, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court found that inmates were entitled to minimal due process protections in connection

---

[1] The ALJD is an executive branch entity created by the legislature to review agency decisions. *See* S.C.Code Ann. §§ 1-23-500, *et. seq.* It is now called the Administrative Law Court ("ALC").

with prison disciplinary hearings where they might lose good time credits toward their release. The Court found that an inmate must be afforded: (1) advanced written notice of the alleged institutional infraction; (2) the right to call witnesses and present documentary evidence if institutional safety will not be jeopardized; and (3) a written statement by the hearing officer indicating the evidence upon which the disciplinary finding was based and the reasons for the action taken. <u>Hendricks v. Cohen,</u> 2009 WL 536566, 2 (D.S.C.) (D.S.C.,2009)

Respondents assert that Pierre has failed to state a claim upon which relief may be granted. Pierre asserts that he is entitled to "substantial due process." His main argument appears to be that SCDC failed to follow its own policies in addressing his complaints in the grievance procedure. In any event, the record clearly shows that Pierre was afforded the minimal due process required by <u>Wolff v. McDonald</u>. Further, Pierre lost no GTC upon his conviction of the second violation. <u>Wolff</u> applies only to those cases in which the petitioner's liberty is implicated.

## Conclusion

Based on a review of the record, it is recommended that Respondents' motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

                                                                        Joseph R. McCrorey
                                                                         United States Magistrate Judge

March 8, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).